106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Beverly FANSHIER, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Commissioner, Defendant-Appellee.
 No. 95-35994.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Jan. 21, 1997.
 
 BEFORE: PREGERSON, ALDISERT** and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Beverly Fanshier appeals the district court's affirmance of the Commissioner of the Social Security Administration's decision denying Fanshier's application for disability and widow's benefits. We find the Commissioner's decision was supported by substantial evidence and we affirm.
 
 I.
 
 3
 Fanshier requests disability benefits beginning from July 30, 1966. To prevail, she must show that her disability began sometime before September 30, 1971, the date her insurance for disability benefits terminated. Between July 30, 1966 and September 30, 1971, Fanshier had the following documented medical problems:
 
 
 4
 (1) sore throats;
 
 
 5
 (2) anxiety symptoms characterized by chills, heart pounding, shakiness and tearfulness;
 
 
 6
 (3) a urinary tract infection;
 
 
 7
 (4) a respiratory infection which was possibly linked to severe stress caused by her concern over her daughter's sickness; and
 
 
 8
 (5) the flu.
 
 
 9
 Fanshier introduced medical evidence from her treating physician indicating that she suffered from severe medical problems which started sometime before 1983. This evidence is irrelevant to whether she was disabled prior to September 30, 1971.
 
 
 10
 Fanshier has failed to present sufficient evidence for the relevant time period showing that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to ... last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The record supports the ALJ's conclusions that Fanshier quit working to give birth, and that she chose not to work so she could stay at home and care for her child. Fanshier's own testimony indicates that she would have tried to go back to work if not for the birth of her daughter. ER 33-34. Accordingly, substantial evidence supports the ALJ's conclusion that Fanshier's ailments did not prevent her from doing her past relevant work.
 
 II.
 
 11
 Fanshier argues that the ALJ erred in concluding that she withdrew her application for widow's benefits. Fanshier's application for widow's benefits does not appear in the record. The record does contain, however, a hand-written note indicating that her application was withdrawn. Fanshier did not challenge the validity of this note at the administrative hearing or before the Appeals Council. We generally do not consider arguments not raised during the administrative proceeding. Marathon Oil Co. v. United States, 807 F.2d 759, 767 (9th Cir.1986), cert. denied, 480 U.S. 940 (1987). Further, we need not consider this argument because, as observed by the district court, the Commissioner concedes that Fanshier is eligible for widow's benefits if she re-applies. Appellee's Br. at 21.
 
 
 12
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3